UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BROADCAST MUSIC, INC., ABKCO MUSIC, INC.,
MJ PUBLISHING TRUST d/b/a Mijac Music, CAN'T
STOP MUSIC, A Division of Can't Stop Productions,
Inc., WARNER-TAMERLANE PUBLISHING CORP.,
LION AIRE PUBLISHING, YOUNG MONEY
PUBLISHING, INC., SONY/ATV SONGS LLC,
HOUSE OF GAGA PUBLISHING INC., and REDONE
PRODUCTIONS LLC d/b/a Songs of Redone,

                  Plaintiffs,

-against-

BAYSIDE BOYS, INC. d/b/a Plum, and
KONSTANTINOS KANTLIS, individually,

                  Defendants.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 23 2013 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-03717 (CBA) (VMS)

AMON, Chief United States District Judge.

On July 26, 2012, Broadcast Music, Inc. ("BMI") et al. filed this action against defendants Bayside Boys, Inc., and Konstantinos Kantlis. The Plaintiffs alleged principally that the Defendants infringed on six copyrights by playing copyrighted musical compositions in Defendants' restaurant, in violation of the Copyright Act, see 17 U.S.C. §§ 101 et al. Each of the copyrights is owned by one of the Plaintiffs, and BMI owns public performance rights for each of the compositions. Defendants did not respond to the complaint, and on February 27, 2013, upon Plaintiffs' request, the clerk of the court entered default. (Docket Entry ("DE") 12.) On February 28, 2013, Plaintiffs moved for a default judgment, seeking (1) $21,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(1), (2) a permanent injunction enjoining Defendants, as well as their agents, servants, employees, and persons acting under their permission or authority, from infringing on Plaintiffs' copyrights, (3) costs, including attorneys' fees, in the amount of

1

$4,234.12, pursuant to 17 U.S.C. § 505, and (4) interest on the full amount of the judgment from the date of the judgment, pursuant to 28 U.S.C. § 1961. (Proposed Order of Judgment, DE 13-1.)

The Court referred the matter to Magistrate Judge Vera M. Scanlon for report and recommendation. On August 21, 2013, Magistrate Judge Scanlon issued a Report and Recommendation ("R&R") recommending that the Court (1) enter a default judgment against Defendants, (2) grant Plaintiffs the requested injunction against future copyright violations by Defendants, and (3) award Plaintiffs $8,826.50 in statutory damages, $3,676 in attorneys' fees, and $536.20 in costs.

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted). The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Scanlon's R&R as the opinion of the Court.[1] Accordingly, the Court permanently enjoins Defendants Bayside Boys, Inc. and Konstantinos Kantlis, their agents, servants, employees, and all persons acting under their permission from infringing, in any manner, the copyrighted

---

[1] Although the R&R noted that "'[i]rreperable harm is presumed where a party has established a prima facie case of copyright infringement,'" R&R at 12 (quoting Realsongs v. 3A N. Park Ave. Rest Corp., 749 F. Supp. 2d 81, 93 (E.D.N.Y. 2010)), the Second Circuit, in 2010, held that such a presumption was inconsistent with the Supreme Court's ruling in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006) ("eBay"), see Salinger v. Colting, 607 F.3d 68, 79-82 (2d Cir. 2010). Salinger, a copyright case reviewing a preliminary injunction, held that, rather than presuming irreparable harm, "plaintiffs must show that, on the facts of their case, the failure to issue an injunction would actually cause irreparable harm." Salinger, 607 F.3d at 82. Nonetheless, this Court finds no error in the R&R's determination that a permanent injunction should issue. The R&R stated the correct four-factor test, developed by eBay, for obtaining a permanent injunction, see R&R at 11, and, despite its statement that a presumption of irreparable harm existed, the R&R did not simply presume such harm, but instead carefully explained why irreparable harm was likely to occur without an injunction, see R&R at 12-13 (noting difficulty with measuring actual losses from infringement and evidence that Defendants were likely to continue violating Plaintiffs' copyrights in the absence of an injunction).

musical compositions licensed or owned by BMI and the other Plaintiffs, and awards Plaintiffs $8,826.50 in statutory damages[2], $3,676 in attorneys' fees, and $536.20 in costs. Additionally, Plaintiffs are entitled to postjudgment interest on the total amount awarded pursuant to 28 U.S.C. § 1961. The clerk of court is directed to enter judgment and close the case.

    SO ORDERED.

Dated: Brooklyn, New York
       September 23, 2013

s/Carol Bagley Amon
_____
Carol Bagley Amon
Chief United States District Judge

---

[2] The Court notes that, although not explicitly stated, the license fee on which the R&R based the statutory damage award was $1,765.30 per year. (See Declaration of Lawrence E. Stevens, DE 14 ¶ 19.) Although Plaintiffs only alleged violations of their copyrights in August 2011 and February 2012 – approximately six months apart – Defendants' refusals to respond to Plaintiffs' requests to enter into a licensing agreement began as early as April 2010, and Kantlis repeatedly indicated in the interim that he would only enter into a licensing agreement if he was sued. (Id. ¶ 8.) As such, the Court does not find any error in the R&R's use of the annual amount of the license in calculating the statutory fee.